Linda Lynaugh, Pro per
P.O. Box 24152
Phoenix, AZ 85074
602-475-3158

FILED ___ LODGED
___ RECEIVED ___ COPY

JUL 0 5 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
For the
DISTRICT OF ARIZONA

LINDA LYNAUGH, Pro per,
    Plaintiff,

vs.

MICHAEL VINCENT, STINSON LEONARD STREET, LLP,
    Defendants.

Civil Action No.:
    CV-19-04643-PHX-DJH

COMPLAINT

Violations of FDCPA

Plaintiff Linda Lynaugh and for his Complaint against Defendants Michael Vincent, Stinson Leonard Street, LLP, hereby states and alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff, Linda Lynaugh, is an individual who is currently, and at all relevant times is a resident of Maricopa County, Arizona, and her causes of actions are based on events that occurred in Maricopa County.

2. Defendant Stinson Leonard Street, LLP ("Defendant") is an Arizona limited liability partnership located and doing business in Maricopa County, Arizona.

3. Defendant Michael Vincent ("Vincent") is a resident of Maricopa County, Arizona, working for Stinson Leonard Street, LLP.

4. Defendant Jane Doe Vincent is a natural person and, upon information and belief, Vincent's spouse at all times material to the allegations in the Complaint and a resident of Maricopa County, Arizona. Lynaugh will amend the Complaint to add the name of Defendant Vincent's spouse, if any, once his or her true name is identified during discovery.

5. The acts by Defendant Vincent alleged in this Complaint were, upon information and belief, done for the benefit of his marital community making any liability for those acts a liability of his marital community.

6. The acts by Defendant Vincent alleged in this Complaint were, upon information and belief, done for the benefit of Stinson Leonard Street, LLP making any liability for those acts a liability of and a vicarious liability against Stinson Leonard Street LLP.

7. This action is brought pursuant to the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. (the "FDCPA") and jurisdiction exists pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this Court as all acts alleged in this Complaint within this judicial district.

9. This Court has jurisdiction over this action as it as it holds jurisdiction over state courts, state court employees, state agencies, state agency employees, and those who conspire with any or all of the aforesaid in violating individuals' rights.

## THE FAIR DEBT COLLECTION PRACTICES ACT

10. Lynaugh incorporates all of the above allegations as if set forth fully herein.

11. Congress enacted the FDCPA after a congressional finding of abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, which contributed to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of personal privacy.

12. Section 1692a(3) defines the term "consumer" as any natural person obligated or allegedly obligated to pay any debt.

13. Section 1692a(5) defines the term "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

14. Section 1692a(6) defines the term "debt collector" as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

16. Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect any debt.

17. The amounts that Defendants collected or attempted to collect from Lynaugh, as described herein Defendants have used false, deceptive, and misleading misrepresentations and means to collect debts in violation of 15 U.S.C. § 1692e.

18. Defendants have engaged in unfair and unconscionable means to collect or attempt to collect debts in violation of 15 U.S.C. § 1692f.

19. Collection abuses committed by Defendants include and are not limited to wrongful, willful, and without legal right attaching IRA retirement accounts knowing and intending to put Lynaugh in a financial hardship. Additionally, having assets sold by non-permitted third parties without a court order to do so.

## GENERAL ALLEGATIONS

20. Lynaugh incorporates all of the above allegations as if set forth fully herein.

21. Defendants are debt collectors as defined in 15 U.S.C. § 1692a(6).

22. On or about January 2018, Defendants obtained a judgment against Lynaugh in the aggregate amount of $49,450.20 in the Maricopa County Superior Court (the "Judgment") on behalf of BMO Harris Bank.

23. The Judgment represents "debts" as defined in 15 U.S.C. § 1692a(5). As such, the Judgment constitutes a debt primarily for personal, family, or household purposes under the FDCPA.

24. The Judgment's award of $49,450.20 was for "principal," together with post-judgment interest accruing at the rate of 5.25% per annum from date of entry of judgment until paid in full.

25. Defendants drafted a proposed Order and submitted it to the court and deceived the Court in obtaining an order to have a third party (not the Maricopa County Sheriff) liquidate assets, inconsistent with legal collections practices.

26. The Superior Court judge will testify to the Defendants' deception and acts that were inconsistent with legal collection practices.

27. Defendants attempted to collect on the Judgment by engaging third parties who held Lynaugh's investment and retirement assets to freeze those assets despite knowing no legitimately received ruling permitted their actions.

28. Defendants' intentional actions and inactions done to create undue hardship on the Plaintiff further included refusal to record a satisfaction of judgment by garnishee when the law required such a recording.

29. The Plaintiff requested the Defendants record the required satisfaction and provide a required accounting for which the Defendants, in bad-faith refused.

30. Lynaugh was forced to endure further hardship in having to pursue and obtain an order from the Superior Court for that recording and accounting.

31. Defendants' abuses extended even into Lynaugh's retirement accounts that were known by the Defendants all along to be exempt.

32. Defendants willfully, intentionally, and without legal right maintained control over Lynaugh's retirement accounts for an extended period of time, causing damages in amounts to be proven at trial.

33. The inclusion of Lynaugh's IRA Accounts was unlawful under Arizona law.

34. Defendants also had assets sold and liquidated by bypassing the state's asset sale/debt collection statutes and rules.

35. To the extent that the practice of liquidating assets for a recovery is lawful, it is unlawful to have a third party and not the Sheriff sell said assets without first obtaining a specific order from a court of competent jurisdiction.

36. The Maricopa County Superior Court did not intentionally authorize Defendants' actions.

37. Defendants were not authorized to sell Lynaugh's assets without first obtaining court approval.

38. After Defendants held up Lynaugh's retirement accounts unlawfully, Lynaugh sought to have Defendants release that unjustified hold.

39. Plaintiff Lynaugh sent Defendant Vincent a letter to release the IRA account unlawfully obstructed.

40. Defendants refused the requested release and Lynaugh was forced to endure further hardship in having to pursue and obtain an order for that release.

41. Defendants, being in the legal arena, knew or should have known their actions and inactions described above were being done with Black Hearts, by a Black Hand,

knowing the damages it would and was causing Lynaugh, along with knowing the collection processes being violated at the time.

42. Lynaugh is entitled to damages for Defendants' acts resulting in Lynaugh's unnecessary hardships and costs.

43. Lynaugh has been injured by Defendants' unlawful debt collection activities.

## COUNT ONE
## VIOLATION OF 15 U.S.C. § 1692e

44. Lynaugh incorporates all of the above allegations as if set forth fully herein.

45. Section 1692e of the FDCPA prohibits a debt collector from using false, deceptive, or misleading representations or means in connection with the collection of any debt. These false, deceptive, and misleading misrepresentations and means include, but are not limited to, false representations regarding the character, amount, or legal status of any debt and any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

46. Defendants used false, deceptive, and misleading representations and means in its submission to the Superior Court a proposed form of Judgment that essentially gave Defendants permission to have a third party sell Lynaugh's assets and avoid the legal debt collection processes. Arizona law does not authorize a party to collect on a judgment in such a way.

47. Defendants used false, deceptive, and misleading representations and means in its submission to TD Ameritrade an order that essentially gave Defendants a way to bypass the Maricopa County Sheriff's Writ process. Using a third party to sell Lynaugh's assets and avoid the legal debt collection processes was inconsistent with permitted FDCPA practices.

48. Defendants maintained an illegal hold on the Plaintiff's IRA assets until such time that the Plaintiff endured unnecessary costs, expenses, undue hardship to obtain a court order requiring said Defendants release the IRA accounts.

49. Defendants further used false, deceptive, and misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e by not informing TD Ameritrade that Lynaugh's IRA accounts were exempt.

50. Defendants' false, deceptive, and misleading representations and means included demanding all accounts be frozen.

51. Defendants' actions specifically violate, inter alia, 15 U.S.C. §§ 1692e(2)(A) and (B), 1692e(4), 1692e(5), and 1692e(10).

52. Lynaugh is entitled to recover damages pursuant to 15 U.S.C. § 1692k as well as his attorneys' fees and costs incurred pursuing this action.

53. The Plaintiff is further entitled and requesting damages including, but not limited to, emotional, financial, consequential, and punitive damages.

## COUNT TWO
## VIOLATION OF 15 U.S.C. § 1692f

54. Lynaugh incorporates all of the above allegations as if set forth fully herein.

55. Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

56. Defendants have used unfair and unconscionable means to collect an alleged debt in violation of 15 U.S.C. § 1692f for the conduct alleged above.

57. Defendants' violations of § 1692f include, but are not limited to, submitting to the Superior Court a proposed form of collection not legally permitted and that Arizona law does not authorize a party to obtain in the first place.

58. Defendants' violations of § 1692f also include sending the ill-gotten order to TD Ameritrade and abusing the collection process with said order.

59. Defendants' violations of § 1692f also include the hold on retirement accounts for no justifiable reason but to harass, unjustly burden, and cause financial and emotional hardship on the Plaintiff.

60. The Plaintiff is entitled and requesting damages including, but not limited to, emotional, financial, consequential, and punitive damages.

61. Lynaugh is entitled to recover damages for himself pursuant to 15 U.S.C. § 1692k as well as his attorneys' fees and costs incurred pursuing this action.

## **RELIEFS**

WHEREFORE, Plaintiff demands relief against Defendants, and each of them, as follows:

A. Awarding Lynaugh actual damages in an amount proven at trial pursuant to 15 U.S.C. § 1692k(a)(1);

B. Awarding Lynaugh statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. Award Lynaugh consequential and punitive damages in amounts to be determined by a jury;

D. For an award of costs and reasonable attorneys' fees as determined by the Court pursuant to 15 U.S.C. § 1692k(a)(3);

E. Awarding Lynaugh pre-judgment and post-judgment interest as permissible by law; and

F. Awarding such other and further relief as the Court deems just and proper.

By signature below, the Plaintiff verifies the Complaint as true and formed from evidence and personal knowledge.

RESPECTFULL SUMITTED this 5th day of July, 2019,

*Linda Lynaugh*
Linda Lynaugh, pro per

ORIGINAL and one copy of the foregoing document filed on July 5, 2019 with:

United States District Court
For the District of Arizona
401 West Washington St.
Phoenix, AZ 85003

