Jeffrey Goulder (SBN AZ 010258)
Michael Vincent (SBN AZ 029864)
STINSON LLP
1850 N. Central Avenue
Suite 2100
Phoenix, Arizona 85004
Telephone: 602.279.1600
Facsimile: 602.240.6925
jeffrey.goulder@stinson.com
michael.vincent@stinson.com

Attorneys for Defendants Michael Vincent and Stinson Leonard Street, LLP.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Lynaugh, pro se,<br><br>    Plaintiff,<br><br>v.<br><br>Michael Vincent, Stinson Leonard Street, LLP,<br><br>    Defendants. | Case No. CV-19-04643-PHX-DJH<br><br>**MOTION TO DISMISS** |

Defendants move to dismiss Plaintiff's claims with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff alleges Defendants violated the Fair Debt Collection Practices Act (FDCPA), but that is impossible because the FDCPA applies to only consumer debts. Here, the debt in question is a Maricopa County Superior Court judgment awarding attorneys' fees to Defendants' client, BMO Harris Bank. Plaintiff's claims therefore fail as a matter of law.

**I.    Background**

Plaintiff Linda Lynaugh ("Lynaugh") sued BMO Harris Bank ("BMO") in Maricopa County Superior Court for, among other things, "wrongful foreclosure." Defendants Michael Vincent and Stinson Leonard Street LLP (together, "Stinson") defended BMO in that lawsuit. The Superior Court granted BMO's motion for summary judgment, and further awarded BMO its attorneys' fees both under contract and as a sanction under A.R.S. § 12-349, finding that Lynaugh filed "clearly groundless" claims

and "numerous frivolous pleadings." **Ex. 1** at 2-4. The Superior Court entered a judgment in favor of BMO and against Lynaugh for $49,450.20. **Ex. 2**. BMO, through Stinson, then attempted to collect on the judgment.

Lynaugh now brings this lawsuit against Stinson,[1] alleging violations of the FDCPA based on Stinson representing BMO in collecting on the judgment. (Doc. 9 ¶¶ 22-23).

## II. The Court Should Take Judicial Notice of the State Court Filings.

Stinson requests the Court take judicial notice of the Maricopa County Superior Court's minute entry ruling and judgment, copies of which are attached as Exhibits 1 and 2 to this response. *See* Fed. R. Evid. 201; *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.").[2]

## III. Lynaugh Cannot State a FDCPA Claim Against Stinson Because the Judgment is not a Consumer Debt.

The FDCPA applies to only the collection of consumer debts arising from consensual transactions for consumer goods or services. Lynaugh was not the consumer for Stinson's legal services. Nor did she consent to entry of the judgment in BMO's favor. Nor is a court's award of sanctions a consumer transaction. The judgment is not a "debt" within the meaning of the FDCPA.

"As a threshold matter, a suit brought under the FDCPA must involve a 'debt' within the meaning of the statute." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "[W]hether the undisputed facts alleged in the complaint establish the existence of debt within the meaning of § 1692a(5) is a question of law." *Id.* The statute defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of

---

[1] This is the second time Lynaugh or her partner has sued Stinson, but the first time in federal court.

[2] Alternatively, the Court can consider these documents because Lynaugh references the judgment in her complaint in this case. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may treat a document that "forms the basis of the plaintiff's claim as "part of the complaint" and "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)").

the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

The FDCPA is "limited in its reach 'to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services.'" *Turner v. Cook*, 362 F.3d 1219, 1227 (9th Cir. 2004) (citation omitted); *see also Fleming*, 581 F.3d at 926. Because a court-ordered award of attorneys' fees is neither consensual nor a consumer transaction, multiple courts have squarely rejected Lynaugh's argument.

In *Beal v. Himmel & Bernstein, LLP*, Beal, a judgment debtor, sued the judgment creditor's law firm, claiming FDCPA violations. 615 F. Supp. 2d 214-15 (S.D.N.Y. 2009). The judgment against Beal represented an award of attorneys' fees to his ex-wife, issued by the state court as a sanction in divorce proceedings. *Id.* The Southern District of New York rejected Beal's FDCPA argument because he had not incurred the debt as a consumer; rather, it was "an obligation imposed upon him by the courts to pay the legal fees of his ex-wife incurred by her in their post-divorce litigation." *Id.* at 217 ("That debt is not the 'result of the rendition of a service of purchase of property or other item of value.'").

*Beal* emphasized that the dispositive question is whether the debt *arises* from a consumer transaction—not the form of the debt. *See id.* "The only question of relevance is the character of the obligation owed," and because the debt "did not arise out of any consumer transaction in which [Beal] engaged," it was not a consumer debt under the FDCPA. *Id.* Other courts follow. In *Zamanzada v. Clayton*, 2013 WL 5566133, *1 (D. Utah Oct. 7, 2013), the judgment debtor was also an ex-husband who had been ordered by a court to pay attorneys' fees to his ex-wife. There, the District of Utah held that the ex-husband "was not the consumer" of the legal services (his ex-wife was), and the state court's judgment "was not the result of a consensual business transaction," so the FDCPA did not apply. 2013 WL 5566133, at *2.

Every other jurisdiction to consider the question has similarly concluded that attorneys' fee awards are not debts under the FDCPA. *See Vaile v. Willick*, CIV.

1  6:07CV00011, 2008 WL 204477, at *6 (W.D. Va. Jan. 24, 2008) (dismissing FDCPA
2  claim for improper communications in collecting court-ordered attorneys' fees because the
3  fee award did not arise from a consumer transaction); *Mabe v. G.C. Services Ltd. P'ship*,
4  32 F.3d 86, 88 (4th Cir. 1994) (court-ordered child support obligations were not "debts"
5  under the FDCPA because "they were not incurred to receive consumer goods or
6  services."); *Kitchings v. Shelton*, PWG-17-882, 2018 WL 398285, at *4 (D. Md. Jan. 12,
7  2018) (court award of attorneys' fees was not a debt subject to the FDCPA); *cf. Cook v.*
8  *Hamrick*, 278 F. Supp. 2d 1202, 1205 (D. Colo. 2003) (demand for attorneys' fees in
9  unlawful detainer complaint was not attempt to collect debt for FDCPA purposes; "any
10 right …to collect those fees" arose out of legal proceedings and not out of any consumer
11 transaction).

12      The entire basis for Lynaugh's FDCPA claims is Stinson's efforts to collect on the
13 judgment awarded to BMO and against Lynaugh for attorneys' fees. This is not—and
14 cannot—be a consumer transaction. Accordingly, not only does Lynaugh fail to state a
15 valid FDCPA claim, but the Court should dismiss with prejudice and deny leave to amend
16 because any amendment would be futile. *See Thinket Ink Info. Res., Inc. v. Sun*
17 *Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

18 **IV.   Conclusion**

19      Stinson requests the Court dismiss Lynaugh's First Amended Complaint (Doc. 9)
20 with prejudice. Stinson also requests an award of its attorneys' fees and costs pursuant to
21 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927.

22 **V.    Certification of Conferral**

23      Lynaugh never served Doc. 7 on Stinson. Undersigned counsel has attempted to
24 confer, unsuccessfully, with Lynaugh regarding whether an amendment could cure the
25 deficiencies in Plaintiff's Complaint. Undersigned counsel sent e-mails to Lynaugh on July
26 24 and July 25, and called Lynaugh on July 26 at the phone number listed on her complaint,
27 which was neither answered nor would accept voicemail messages, and sent a follow-up
28

e-mail on July 26 to Lynaugh. Lynaugh replied to an e-mail on July 25 but did not provide a response on the issue posed.

  RESPECTFULLY SUBMITTED this 26th day of July, 2019.

            **STINSON LLP**

         By: */s/ Michael Vincent*
            Jeffrey Goulder
            Michael Vincent
            1850 N. Central Avenue
            Suite 2100
            Phoenix, Arizona 85004
            Attorneys for Defendants Michael Vincent and Stinson Leonard Street, LLP.

CORE/0807901.0399/153538179.1

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26th, 2019, I served the attached document by U.S. Mail on the following, who is not a registered participant of the CM/ECF System:

Ms. Linda Lynaugh
P.O. Box 24152
Phoenix, AZ  85074

*/s  Valerie Corral*

CORE/0807901.0399/153538179.1