**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Lynaugh,<br><br>            Plaintiff,<br><br>v.<br><br>Michael Vincent, et al.,<br><br>            Defendants. | No. CV-19-04643-PHX-DJH<br><br>**ORDER** |

Plaintiff Linda Lynaugh ("Plaintiff") brought this action against Michael Vincent and Stinson Leonard Street, LLP ("Defendants") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's Amended Complaint ("Amended Complaint") alleges three violations of the FDCPA by Defendants' attempts to collect on a Maricopa County Superior Court Judgment. Pending before this Court is Defendants' Motion to Dismiss (Doc. 12) the Amended Complaint (Doc. 9). Plaintiff has filed a Response (Doc. 13) and Defendants filed a Reply (Doc. 15).

**I.    Background**

The debt at issue arises from an Arizona state court ("State Court") judgment. (Doc. 9 at 4).  The facts in that case are summarized as follows:  Plaintiff and Marshall & IIsley Bank ("M&I") entered into a Home Equity Credit Agreement ("Loan") which was secured by a deed of trust on rental property ("Property") owned at the time by Plaintiff. (Doc. 13, Ex. 1). Four years after the Loan was issued, BMO Financial Group ("BMO") acquired M&I and terminated the Loan. Disputes arose following the termination of the

Loan, and to settle the outstanding balance, BMO instructed the Property to be sold at a trustee's sale. (*Id.*) Shortly after the sale, Plaintiff filed a complaint in State Court against BMO. (*Id.*) Defendants represented BMO in the matter. (*Id.*) The State Court granted BMO's motion for summary judgment, awarded attorneys' fees and costs of $49,450.20 and dismissed the case. (*Id.*) The State Court awarded the attorneys' fees on two independent bases. The first basis was a term within the Loan agreement, that, "[t]o the extent not prohibited by law, Trustor shall pay all reasonable costs and expenses before and after judgment, including without limitation, attorneys' fees, . . . incurred by Beneficiary in protecting or enforcing its rights under this Deed." (*Id.*) The State Court found that BMO incurred fees as a result of "protecting or enforcing its rights under the Deed of Trust" and ordered Plaintiff to pay Defendants' attorneys' fees. (Doc. 12, Ex. 1). The State Court also held that A.R.S. § 12-349 created an independent basis for the attorneys' fees, finding, among other actions, that Plaintiff's "rambling, 36-page, 252 paragraph complaint" which asserted claims barred by statue were "clearly groundless" and its "convoluted nature" ran afoul to Rule 8 of Arizona's Rules of Civil Procedure. (*Id.*) The State Court thereafter awarded Defendants their attorneys' fees. (*Id.*) On appeal, the Judgment against Plaintiff was upheld, finding the contractual term alone was enough for the State Court to award the attorneys' fees. The Appeals Court found no need to address the State Court's alternative reliance on A.R.S. §12-349 to award the attorneys' fees as a sanction. (Doc. 13, Ex. 1). Subsequently, Defendants attempted to collect on the judgment, and Plaintiff filed this action.

**II.   Discussion**

Plaintiff's Amended Complaint contains three claims alleging Defendants' violation of the FDCPA when they attempted to collect on the judgment. Defendants contend that each of Plaintiff's three FDCPA claims fail as a matter of law. Defendants raise two arguments: (1) the FDCPA does not apply to the attorneys' fees judgment because it was awarded as a sanction under A.R.S. §12-349; and (2) the FDCPA does not apply to the attorneys' fees as it does not meet the definition of consumer debt as defined by the

FDCPA. (Doc. 12).

Plaintiff argues that the attorneys' fees are consumer debt under the FDCPA as the contract term from which the judgment was granted is contained in a Home Equity Credit Agreement. (Doc. 13).

### III. Legal Standards

#### A. Motion To Dismiss Standards

A complaint must contain a "short and plain statement showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a)(2). Rule 8 requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009)). A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. Fed.R.Civ.P. 12(b)(6). To avoid a rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"A complaint has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id*. A complaint providing "[l]abels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The court must interpret the acts alleged in the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Shwarz v. United States*¸ 234 F.3d 428, 435 (9th Cir. 2000).

#### B. Fair Debt Collection Practices Act

Congress enacted the FDCPA to counter the abusive, deceptive, and unfair debt collection practices used by debt collectors against consumers. 15 U.S.C. §1692. The FDCPA allows for consumers who have been exposed to such abusive debt collection practices to bring a cause of action against the debt collectors to seek damages, attorneys' fees, and costs. *Id.* §1692k.

To successfully invoke a suit under the FDCPA, the case must involve a debt within the meaning of the statute. *Turner v. Cook*, 362 F.3d 1219, 1227 (9th Cir. 2004). The statue defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692(a)(5). "[N]ot all obligations to pay are considered debts under the FDCPA." *Turner*, 362 F.3d at 1226-27. The determination of whether the facts alleged in the complaint establish the existence of debt within the meaning of § 1692(a)(5) is a question of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Such determination requires the court to examine the alleged transaction and determine whether it is covered by the FDCPA. *Id*. If the debt does not "arise out of a transaction" which is primarily for personal purposes, then the FDCPA is not implicated. 15 U.S.C. § 1692.

The meaning of a "transaction" is not defined in the Act, but "the consensus judicial interpretation" is that the statute is limited to "obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Turner*, 362 F.3d at 1227 (quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 11 F.3d 1322, 1326 (7th Cir. 1997)). "[A]t a minimum, a 'transaction' under the FDCPA must involve some kind of business dealing or other consensual obligation." *Fleming*, 581 F.3d at 925 (quoting *Turner*, 362 F.3d at 1227-28). The court must focus on the underlying obligation to determine if the debt arose out of a consumer transaction. *Turner*, 362 F.3d at 1228. The appropriate point in time for determining the character of a financial obligation is when the obligation arose. *See Bloom v. I.C. Sys.*, 972 F.2d 1067, 1068-69 (9th Cir. 1992) (for the proposition that "the relevant time is when the loan is made, not when collection is attempted"). Actions that result in court judgments are not transactions under the FDCPA. *Turner*, 362 F.3d at 1227 (quoting *Hawthorne v. Macadjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998)).

**IV.    Analysis**

    **A.    Are the Awarded Attorneys' Fees Consumer Debt Under the FDCPA**

The Court will first examine Defendants' contention that the attorneys' fees judgment is not consumer debt as defined under the FDCPA.[1]

Defendants argue that the FDCPA is inapplicable because Plaintiff's debt, the awarded attorneys' fees, did not arise from a consensual obligation. Defendants contend that a judgment to pay awarded attorneys' fees cannot be consensual and highlight Plaintiff's inability to identify what benefit she received as a result of the transaction. Plaintiff attempts to assert that the attorneys' fees are consumer debt within the meaning of the FDCPA because the judgment being collected on is "directly attributed to the contract terms" of the Loan. (Doc. 13 at 9). However, Plaintiff does not offer any reasoning or legal authority to explain how the attorneys' fees arose out of any consensual transaction between her and Defendants. Plaintiff only argues that the attorneys' fees arose out a provision within the Loan and thus arose out of a Loan transaction.

Plaintiff cites a single case, *Jason v. Maxwell & Morgan, P.C.*, in support of her position. No. 16-CR-02894 SRB, 2018 WL 6181178 (D. Ariz. July 17, 2018).[2] In *Jason*, a law firm, acting on behalf of an association, filed suit in justice court against a homeowner to recover unpaid homeowners' assessments. The justice court ruled in favor of the law firm, awarding the unpaid homeowners' assessments and attorneys' fees. When the law firm attempted to collect on the judgment, the homeowner brought suit, claiming violations of the the FDCPA. The court ruled in favor of the homeowner, finding that the law firm had violated the FDCPA. The issue of whether the court judgment was consumer debt

---

[1] As an initial matter, Defendants are seeking to have the Court take judicial notice of the State Court's Attorneys' Fees ruling and entry of judgment. (Doc. 12 at 6). Defendants attached the ruling and judgment as an Exhibit to the Motion to Dismiss. A court may take judicial notice of matter of public record. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  Therefore, the Court takes notice of the two exhibits attached to the Motion to Dismiss.

[2] Plaintiff also provides a general statement that the Ninth Circuit rejects arguments that homeowners' assessments are not debts under the FDCPA. This assertion is not made with any cited support or any explanation as to how such holdings would relate to the awarded attorneys' fees.

under the FDCPA was never addressed by the court, as the law firm never raised the question. As a result, the holding of *Jason* is of little relevance to the issue at hand. In addition, there is a strong distinction between the underlying basis for the two court judgments. In *Jason*, the judgment arose from the unpaid homeowners' assessment. The obligation to pay the homeowners' assessment arose when the home was purchased, which is clearly a consensual transaction where the party derives a benefit. Here, the awarded attorneys' fees only arose after BMO was forced to enforce its rights under the Loan Agreement.  Thus, the obligation to pay the attorneys' fees did not arise until after the State Court entered judgment against Plaintiff, after finding her claims were clearly groundless. *See Turner*, 362 F.3d at 1227; *Bloom*, 972 F.2d 1068.

Plaintiff makes no alternative arguments of other consensual transactions from which the attorneys' fees could have arisen. Plaintiff's only other potential argument for a consensual transaction is the State Court's Judgment. This is certainly not a consensual transaction where the parties contracted or negotiated for a consumer good or service. There is nothing consensual about a judgment being entered against a party. Simply put, the State Court judgment fails to satisfy any characteristics of a consensual transaction that would implicate the FDCPA.

Because the attorneys' fees did not arise out of a consensual transaction, they are not a consumer debt under the FDCPA.

Plaintiff's Amended Complaint brings claims only asserting violations of the FDCPA. Because Plaintiff fails to establish the debt is consumer debt under the FDPCA, Plaintiff's complaint fails to state a claim upon which relief can be granted and amendment of her Complaint would be fertile. As a result, the Court will grant Defendants' Motion to Dismiss.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 12) is **GRANTED**.  Plaintiff's Complaint is dismissed, with prejudice.

///

///

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 10th day of February, 2020.

_____
Honorable Diane J. Humetewa
United States District Judge